**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARET ELIZABETH TINOCO,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:21-cv-0278 JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

     Margaret Elizabeth Tinoco initiated this action by filing a complaint on February 26, 2021, seeking judicial review of the decision to deny an application for Social Security benefits. (Doc. 1)  On July 1, 2021, the Commissioner filed the administrative record. (Doc. 6.)  On June 15, 2021, the Court issued an amended Scheduling Order, setting forth briefing deadlines for the action. (Doc. 7.)

     Pursuant to the terms of the Scheduling Order, Plaintiff was to file a motion for summary judgment within forty-five days of the date of service of the Court's order. (Doc. 7 at 1.)  Thus, Plaintiff was to serve an opening brief no later than August 20, 2021.  However, Plaintiff has not filed an opening brief, and has not requested an extension of time to comply with the deadline.  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal

1

of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, within 14 days, Plaintiff SHALL show cause why terminating sanctions should not be imposed for failure to follow the Court's order and failure to prosecute the action or file the opening brief.

IT IS SO ORDERED.

Dated:   **August 25, 2021**           **_/s/ Jennifer L. Thurston**
                                      CHIEF UNITED STATES MAGISTRATE JUDGE