UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET ELIZABETH TINOCO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00278-CBD<br><br>ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 25) |

Pending before the Court is the motion of Jonathan O. Peña ("Counsel") of Peña & Bromberg, PC, attorney for Margaret Elizabeth Tinoco ("Plaintiff"), for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b), filed August 16, 2023, and the response of the Commissioner of Social Security ("Defendant" or "the Commissioner").  (Docs. 25, 27).  For the reasons set forth below, the motion will be granted.[1]

**Background**

On February 17, 2021, Plaintiff and Counsel entered into a contingency fee agreement.  (Doc. 25-2).  The parties agreed to a attorney's fee equal to 25% of the past-due benefits awarded, pursuant to 42 U.S.C. § 406(b), less any fees received under the Equal Access to Justice Act

---

[1] Both parties consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 18).

1

("EAJA"). *Id*. On February 26, 2021, Plaintiff brought this action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. 1). On September 8, 2021, Plaintiff filed a motion for summary judgment. (Doc. 11). Plaintiff argued:

> (1) the administrative law judge ("ALJ") erred by failing to provide "clear and convincing" reasons for rejecting Ms. Tinoco's TGA/TND symptomology evidence, and (2) the residual functional capacity ("RFC") for "medium" work is not supported by Substantial Evidence.

*Id*. On November 29, 2021, the Court granted the parties' stipulation to voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 15, 19). The Court entered judgment in favor of Plaintiff and against Defendant. (Doc. 20). The Court entered an order awarding $7,500.00 for attorney's fees under the Equal Access Justice Act ("EAJA") on March 3, 2022. (Docs. 21, 24).

On remand, the Commissioner found Plaintiff has been disabled since November 27, 2017. (Doc. 25-1 at 2). Plaintiff was awarded $132,554.00 in retroactive benefits. (*Id.* at 3). The Commissioner withheld $33,138.50 in Plaintiff's retroactive benefits to pay his appointed representative. (*Id.*).

On August 16, 2023, Counsel filed the instant motion. (Doc. 25). Plaintiff was served with the motion and advised he had 14 days to object. *Id*. at 1; (Doc. 26). Plaintiff has not filed an objection or any other response. On August 18, 2023, the Commissioner of Social Security ("Defendant") filed a response to Plaintiff's motion. (Doc. 27). Defendant summarized the applicable law but took no position on the reasonableness of the fee request. *Id*.

**Standard of Review**

42 U.S.C.§ 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A).  The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 807-08 & n.17 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable).

When weighing the adequacy of a requested attorney's fees, the Court should respect "the primacy of lawful attorney-client fee agreements." *Id*. at 793.  However, counsel still bears the burden of proving the requested fees are reasonable. *Id*.  In determining reasonableness, the court may consider the experience of the attorney, the results achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id*. at 807-08; *Crawford*, 586 F.3d at 1151.  Further, any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012).

**Discussion**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a remand on the merits of his brief, and ultimately a substantial award of past-due benefits.  (Docs. 11, 19-20, 25).  The undersigned has reviewed the docket in this matter and concludes there is no indication that Counsel engaged in dilatory conduct, excessive delay, or substandard performance. *See* (Docs. 25, 25-3).

Counsel's itemized bill reflects 46 hours spent on tasks such as reviewing the administrative transcript and pursuing the case to judgment, a reasonable amount of time for performance of those tasks.  (Doc. 25-3).[2]  Counsel requests $33,138.50 in fees, resulting in an hourly rate of $720.40.  Counsel argues this is considerably less than what other courts have found reasonable in recent years. *See* (Doc. 31 at 5-6) (citing cases).  The Ninth Circuit has found

---

[2] Counsel's itemized list states the total hours worked was 47.  (Doc. 25-3).  Counsel's proffered list adds up to 46 hours total. *Id*.

higher hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). Even at this higher rate, the amount requested cannot be said to amount to a windfall to Plaintiff's counsel. *Id. See Smith v. Kijakazi*, No. 1:13-cv-01717-BAK (SKO), 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorneys' fees requested were appropriate). Based on the foregoing, the Court finds the request for fees in the amount of $33,138.50 is reasonable. *Gisbrecht*, 535 U.S. at 807-08.

An award of § 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $7,500.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED

1. Counsel for Plaintiff's motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 25) is GRANTED; and

2. Counsel shall be awarded attorneys' fees in the amount of Thirty-Three Thousand One-Hundred Thirty-Eight Dollars and Fifty Cents ($33,138.50); and

3. Upon receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall reimburse Plaintiff the full amount of the EAJA fee, Seven Thousand Five-Hundred Dollars ($7,500.00), previously awarded.

IT IS SO ORDERED.

Dated: **September 1, 2023**

UNITED STATES MAGISTRATE JUDGE